### GRIMES v. CARTER.

No. 27071.   Oct. 3, 1939.

B. M. Parmenter, of Oklahoma City, and Harlan Grimes, of Taylor, Tex., for plaintiff in error.

Ross G. Hume and Jack L. Spivey,. of Oklahoma City, for defendant in error.

DAVISON, J.   This action was instituted in the district court of Oklahoma county by J. Lizzie Carter against V. C. Cossota, Anton Cossota, and Gertrude Grimes to cancel a resale tax deed and to quiet title to certain real estate. Judgment was rendered for the plaintiff. The defendant Gertrude Grimes has appealed from that judgment. The parties will be referred to as they appeared in the trial court.

The facts are undisputed. J. Lizzie Carter since 1907 has been the owner of lots 45 and 46 in block 7 of Burtondale addition to Oklahoma City. She did not pay her taxes on said lots for the years 1923, 1924, 1925, and 1926. On November 23, 1924, these lots were sold at a regular tax sale to Oklahoma county for the delinquent taxes due for the years 1923 and 1924, and a sale certificate issued. In 1926, or soon thereafter (the record is not definite), these lots were sold at a regular tax sale to Oklahoma county for taxes due for the years 1925 and 1926.

On May 14, 1928, the plaintiff went to the office of the county treasurer and tendered the treasurer, or one of his authorized depu-

ties, $20 and told him that she desired to redeem this property. The officer gave her a redemption certificate for the years 1925 and 1926 and charged her $5, a part of which sum was a charge for redemption fee. At that time, the officer advised her that she had redeemed her property and that there were no other outstanding taxes due on same. After the redemption certificate was issued, plaintiff paid the taxes up to the year 1931.

The tax certificate that had been issued at the sale for the 1923 and 1924 taxes had remained unredeemed through the alleged oversight or carelessness of the county treasurer, and a resale for such taxes was had and a resale tax deed to the lots in question was executed to V. C. Cossota on the 27th day of June, 1929, and the same was filed for record the same day. Through different conveyances the defendant Gertrude Grimes became the owner of the property in question.

In filing her suit, the plaintiff complied with the provisions of section 12761, O. S. 1931, 68 Okla. St. Ann. § 453, in making tender of all taxes, penalties, interest, and cost which she would be bound to pay if she was then redeeming the land from tax sale. The tender was refused.

The defendant has assigned seven specifications of error, all of which are treated together, based exclusively upon the statute of limitations, provided in section 12756, O. S. 1931, 68 Okla. St. Ann. § 415, which, referring to resale tax deeds, provides in part:

"* * * and twelve (12) months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to void or set aside said deed, except as to infants. * * *"

The defendant contends that the suit having been brought beyond the statutory period of one year, the plaintiff was barred from bringing the action, and lost her right and remedy to set aside the resale tax deed.

Many decisions of this court, interpreting the one-year limitation statute provided in section 12756, supra, as well as statutes pertaining to sales in guardianship, administration, and executions, are cited by the defendant in support of her contention. The decisions cited relative to resale tax deeds are based upon the fact that the land was taxable and the taxes were not paid; that the regular sale and resale was had; that the resale tax deed was not void on its face and the suit to cancel or set aside the deed was not filed within the one-year period from the date the deed was filed for record. In these various decisions where such facts existed, this court has frequently shown the

necessity of the strict limitation provisions of section 6 of chapter 156, S. L. 1923, brought forward as section 12756, supra. Michie v. Haas, 134 Okla. 57, 272 P. 883; Swan v. Kuehner, 157 Okla. 37, 10 P.2d 707.

Some courts in other jurisdictions seem to have gone to a greater extreme in defeating tax deeds for slight irregularities or errors on the part of the taxpayer where insufficient or no taxes were paid arising from misinformation or mistake of the taxpayer or the collecting officer.

In Hayward v. O'Connor et al. (Mich.) 108 N. W. 366, the court held that it was equivalent to a payment of other taxes, if any, where a county treasurer, at the time an owner paid his state and county taxes against his land, assured the owner that there were no other taxes against the land. In Nelson et al. v. Churchhill (Wis.) 93 N. W. 799, it is held that where a person makes an offer to the proper persons to pay the taxes on his land for a particular year, and is informed that there are no taxes to be paid, and the taxpayer relies thereon in good faith, a subsequent tax deed based on such tax will not pass title. In Breisch v. Cox, 81 Pa. 336, it is said:

"A bona fide attempt to pay all the taxes, frustrated by the fault of the treasurer, stands as the equivalent of actual payment."

Similar holdings of other courts may be found in Corning Town Co. v. Davis, 44 Iowa, 622; and Kinsworthy v. Austin, 23 Ark. 376.

In Dubois v. Hepburn, 10 Peters, 1, 9 L. Ed. 325, the United States Supreme Court went even further and held:

"The law does not require a payment or tender; an offer and refusal is made equivalent to a receipt of the money by the treasurer, and authorized a recovery of the land by suit, as if no sale had been made."

We are of the opinion that neither extreme should be adopted by this court, but that a more conservative rule should prevail, wherein the taxpayer would be required to discharge his full obligations as a taxpayer and still not be deprived of his property rights without his day in court.

This court has held that a party is not precluded from filing a suit to cancel a resale tax deed after twelve months from the date the same is filed for record, where the deed is void on its face, or where the land was not taxable or the taxes had been paid, or the county treasurer otherwise was without power or jurisdiction to execute a resale tax deed. Swan v. Kuehner, supra; Mahoney v. Barton, 168 Okla. 586, 35 P.2d 443.

We do not think that a mere mistake of a county treasurer in failing to take out of money tendered him for taxes a sufficient amount to pay all taxes due on the property would deprive him or some succeeding treasurer of jurisdiction to sell the particular land for taxes for the same period of time, if the records showed that the taxes had not been paid. We do think, however, and so hold, that where a taxpayer, as in the instant case, tenders to the treasurer or his duly authorized deputy in such office sufficient funds with which to redeem his land from all tax sales and informs such officer that he desires to redeem certain particular land from a tax sale, or where such money was tendered for the purpose of paying the taxes for any particular year or years, the taxpayer has done all the law requires of him in paying his taxes, and if by mistake in calculation or carelessness on the part of the officer, he fails to take out of the money tendered him a sufficient sum or demand such sum to pay all of the taxes, and the land is sold for such taxes, such action on the part of the taxpayer, upon clear, cogent, and convincing proof of same, is a sufficient equitable defense against such tax deed, and the one-year statute of limitations in case of a resale tax deed or certificate tax deed will not apply.

In the instant case, we think the undisputed testimony of the plaintiff was sufficient to show that she, in good faith, did all the law required of her in the payment of her taxes, and that such was a sufficient equitable defense against the resale tax deed sought to be canceled. We think the trial court committed no error in overruling the defendant's demurrer to the evidence and rendering judgment for the plaintiff.

Judgment affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, and DANNER, JJ., concur.