ALEXANDER et al. v. JAMES.

No. 31033. April 3, 1945.

*157 P. 2d 456.*

Hamilton & Kane, of Pawhuska, and Tom L. Irby, of Ponca City, for plaintiffs in error.

C. S. MacDonald and E. W. Files, both of Pawhuska, for defendant in error.

WELCH, J. This action involves 80 acres of land formerly owned by Ethel Alexander, subsequently conveyed to her daughter, Eloise Alice Alexander. The mother and daughter are joint plaintiffs. The 80 acres is situated within or surrounded by a larger tract of 620 acres at all material times owned by the daughter.

For delinquent taxes the 80-acre tract was sold to the county at annual sale, and thereafter by resale and deed, and was conveyed by the county commissioners to the defendant James.

In this action to cancel those deeds and to avoid the resale plaintiffs contend that specific effort was made to pay the taxes for the year for which the 80 acres were first sold to the county; that written inquiry was made of the county treasurer as to the amount of taxes thereon and whether the same had been paid by the Osage Indian Agency; that written reply was received advising that such taxes had been so paid; that reliance was placed thereon; and justifiably so as to that year and some succeeding years included in the resale; that no different information was obtained; that on account of such misinformation received in writing from the treasurer, the plaintiffs, without fault on their part, left the taxes unpaid for which the resale was made.

Therefore, plaintiffs contend that upon full tender they are entitled to relief against the deeds under attack by virtue of the rule as applied in Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544; Headley v. Hall, 191 Okla. 352, 129 P. 2d 1018, and Martin v. Bodovitz, 194 Okla. 614, 153 P. 2d 825.

In these cases we held in effect that where the taxpayer had made good faith effort to ascertain and pay all taxes due or delinquent, and where misinformation was received and justifiably relied upon, and by reason thereof and without fault of the taxpayer the tax delinquency was permitted to continue and result in final tax sale, that the taxpayer, upon clear proof, was entitled to relief against the tax deeds upon equitable considerations.

Here the plaintiffs presented evidence to establish all the contentions above referred to and to show sufficient facts to fully justify application of the foregoing rule. In addition the plaintiffs, residents of another state for several years, made proof that their first knowledge of the tax delinquency came when the defendant made known to plaintiffs' tenant that he had obtained his deed; that they immediately contacted defendant and sought to reimburse him and obtain return of their title; that they immediately contacted the Osage Indian Agency and found that while such agency had continuously paid the taxes on the other surrounding 620 acres owned by the daughter plaintiff, it had not in fact paid the taxes on this 80 acres owned first by the mother, and then by the daughter; that this 80-acre tract had for many years been handled and rented with the other 620 acres above mentioned. Both mother and daughter received regular money payments from and through such agency by

reason of the estate of the deceased husband and father, who was an Osage Indian. Plaintiffs also show that they did in fact rely upon and had justifiable reason to rely upon the arrangements thought to have been made to have such agency also make regular payment of the taxes on the 80 acres involved.

The foregoing proof offered by the plaintiffs was not disputed by any contrary evidence, inference or circumstance. Plaintiffs' evidence was apparently fully worthy of belief and seems to have been accepted as true by the trial court. No specific finding of fact was requested by either party. However, at the conclusion of the trial the trial judge announced extended detailed findings as to the tax sale proceedings and as to contentions of the parties, and concluded with the following:

"The court is also of the opinion that the fact that the plaintiffs may have written the treasurer of Osage County, Oklahoma, and made inquiry with reference to her taxes and was informed that same had been paid is not sufficient to grant plaintiffs relief in this case.

"The court finds the issues generally in favor of the defendant and against the plaintiffs; and it is ordered that the title to the property described in the pleadings herein be quieted in the defendant."

And those conclusions formed the basis of the trial court's judgment for defendant which is attacked in this appeal.

In Rogers v. Harris, 76 Okla. 215, 184 P. 459, we considered a case in which the judge of the trial court had expressed himself in a manner less formal and deliberate than here. In the opinion it was said:

"In announcing judgment the trial court delivered an oral opinion, which was transcribed by the reporter and without objections incorporated in the case-made. . .

"The opinion of the trial court does not constitute findings of fact, as contemplated under section 5017, Rev. Laws 1910, and may not be considered as such, or to vary the judgment of the court as contained in the journal entry. James v. Coleman, 64 Okla. 99, 166 P. 210. But it may be considered in determining the correctness of the conclusions on which the judgment was based.

"Expressions of the trial court in rendering judgment have been considered repeatedly for that purpose. C., R. I. & P. Ry. Co. v. Warren, 63 Okla. 190, 163 P. 705; Hennessey Oil & Gas Co. v. Neely, 62 Okla. 101, 162 P. 214; Rison v. Harris, 50 Okla. 764, 151 P. 584. In the case of James v. Williams, 31 Cal. 213, it was said:

" 'The opinion of the judge who tried the cause, stating the evidence or his analysis of it, or some portion of either, coupled with the reasons for his rulings, is always valuable.'

"And in the case of Spoon v. Sheldon, 27 Cal.App. 765, 151 P. 105, it was said:

" 'While the written opinion of the trial court, though contained in the transcript, is no part of the record and cannot perform the office of findings, the appellate court may look to it to ascertain the considerations arising from evidence in the record which influenced the trial judge in his decision.'

"In Miller v. Marks, 46 Utah, 257, 148 P. 412, the Supreme Court of Utah said:

" 'Where the opinion of the trial court is settled in the bill of exceptions, and made a part of the record, the court on appeal may look to it to ascertain the trial court's reason for its decision.' "

Following that rule, we do not here consider the announced findings or opinion of the court as special findings of fact, but we do consider the court's announced views and opinions as indicating the foundation and basis of the trial court's ultimate conclusion and judgment.

An examination of the record convinces us at once that the trial court was in error in assuming that plaintiffs' good faith reliance upon misinformation from the county treasurer could not justify or was not sufficient to justify granting of relief. We emphasize the fact that the plaintiffs proceeded with

312

dispatch upon first learning that the information theretofore received from the treasurer was erroneous, and that under the circumstances here shown plaintiff was entitled to, and did, rely upon such misinformation up to the time of learning that the information was erroneous.

In justice to the trial court we should observe the fact that some of our decisions clarifying the rule under which plaintiffs are here entitled to relief have been promulgated since the hearing of this case in the trial court.

In Grimes v. Carter, Headley v. Hall, and Martin v. Bodovitz, supra, in the syllabus rule there is the statement in effect in each case that the taxpayer under the circumstances shown "had done all the law required" to pay the taxes or to discharge the realty from the tax burden. Such references or statements are not wholly exact, because the taxpayer should not be said to have actually done all the law required to discharge his land from the tax burden until he had fully paid the taxes. In citing such cases we do not approve the foregoing statements. But the disapproval of such specific statements does not affect the spirit of the rule or the exact rule of those decisions to the effect that the taxpayer had made good faith effort to do all that the law required and had made sufficient effort at compliance to justify relief upon equitable considerations and upon full tender. And in citing those cases we approve that rule though disapproving the specific reference or statements above noted.

In this case of equitable cognizance, upon consideration of the entire record, if we cannot approve the trial court's findings on issues, or application of the law to proven facts, it is our duty to render or cause to be rendered the judgment which ought to have been rendered in the first instance by the trial court. Richards v. Richards, 172 Okla. 397, 45 P. 2d 101; Luke v. Patterson, 192 Okla. 631, 139 P. 2d 175; City of Barnsdall v. Barnsdall Nat. Bank of Barns-

dall, 185 Okla. 228, 90 P. 2d 1057; Kickbusch v. Bailey et al., 188 Okla. 405, 109 P. 2d 812; Fessler v. Thompson, 191 Okla. 450, 130 P. 2d 513; Sticelber v. Iglehart, 169 Okla. 453, 37 P. 2d 638; Christburgh v. Anderson, 179 Okla. 552, 66 P. 2d 902; Mid-Continent Petroleum Corp. v. Bettis, 180 Okla. 193, 69 P. 2d 346; Finley & Loller v. Dean et al., 184 Okla. 456, 88 P. 2d 366, and Crabtree et ux. v. Standard Savings & Loan Ass'n, 187 Okla. 189, 102 P. 2d 127,

It appears from the records and briefs that plaintiffs from the beginning have fully complied with all requirements as to tender of money, and we assume that to be so.

And upon that assumption, and for the reasons stated, the judgment of the trial court is reversed and the cause is remanded, with directions to render judgment for the plaintiffs, affording defendant the financial protection to which he is entitled.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.