HULL, Adm'r, v. BAXTER.

No. 31704.  May 15, 1945.

*158 P. 2d 910.*

L. Z. Lasley and C. E. Wilhite, both of Alva, for plaintiff in error.

Everett Rauh and Arthur G. Sutton, both of Alva, for defendant in error.

RILEY, J. W. B. Hull, administrator of the estate of J. R. Hull, deceased, appeals from a judgment and decree rendered in an action commenced December 15, 1941, by the administrator to quiet title to land constituting a homestead adjoining Hopeton townsite, McKinley township, Woods county, Okla.

By the judgment, possession of the lands was awarded to J. R. Baxter and title thereto was quieted in him.

· J. R. Baxter relied upon a resale tax deed, dated May 12, 1941, issued to him by the county treasurer of Woods county on the day that the consideration of $6.69 was paid. The resale tax deed was recorded seven days thereafter. The land was sold at resale by the county for the lien of taxes delinquent in the years 1936 to 1940, inclusive.

Plaintiff in error relies upon the rule stated in Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544, that "Where a taxpayer . . . tenders to the treasurer . . . sufficient funds with which to redeem his land . . . taxpayer has done all the law requires of him . . . (as an 'equitable defense against such tax deed')"; also that despite nonpayment of taxes delinquent against land where nonpayment is due to misinformation or miscalculation of the tax collector, after inquiry by the property owner "any tax deed issued against the property, so long as the owner remains in ignorance of another or greater tax burden, will be treated as subject to cancellation upon equitable consideration." Headley v. Hall, 191 Okla. 352, 129 P. 1018; Martin v. Bodovitz, 194 Okla. 614, 153 P. 2d 825.

In Ponder v. Ebey, 194 Okla. 407, 152 P. 2d 268, this court held:

"A taxpayer has the burden of making appropriate inquiry of the proper official to ascertain the extent of the tax burden on his property, and upon such inquiry, it is the duty of such official to impart correct information, and such taxpayer does not lose his right to redeem by permitting the appointed time to elapse, or by paying less than the proper amount, or otherwise failing to comply with the directions of the statute when this is caused by the fraud, inability of the officer to furnish the necessary information, or by his mistake, negligence, or misinformation, or by misleading advice given by him."

Alexander v. James, 195 Okla. 309, 157 P. 2d 456; Thompson v. Freeman, 194 Okla. 554, 153 P. 2d 99; McKinney v. Farrow, 194 Okla. 397, 152 P. 2d 265. Where such a taxpayer has "requested a statement of such taxes" and paid all demanded of him by the treasurer, there can be no valid sale thereafter for taxes which the treasurer failed to demand. Pottsville Lbr. Co. v. Wells, 157 Pa. 5, 27 Atl. 408.

In the case at bar, it is established by the evidence that J. R. Hull, since deceased, in his lifetime on two different occasions went to the office of the county treasurer of Woods county and expressed to that official his desire and ability to pay all of his taxes, real and personal, and the taxpayer on both occasions tendered to the county treasurer a description of the particular properties upon which he desired to make payment, included in which was the property involved in the case at bar and described by the taxpayer as being the Hopeton property in school district 119, McKinley township. There is undisputed testimony of record that the property involved is the only property within McKinley township that was then owned by the taxpayer, since deceased. On both occasions of the tender by the taxpayer, the county treasurer received and accepted payment of certain taxes, executed and delivered to the taxpayer a tax receipt, but the tax receipt so executed and delivered did not include a description of the Hopeton property. The county treas-

urer was acquainted with the taxpayer, J. R. Hull, and recalled the transaction above described, but did not remember the exact date thereof. The county treasurer admitted her errors (C.M. 124) and recalled occasions when request was made of her for permission to pay all of their taxes and when the taxpayer thought they had paid all their taxes, she nevertheless issued instruments of deficiencies as against the property, and if taxpayers came back, it was due to errors in original computations which she had made (C.M. 128). The official testified that the property was listed on the tax rolls by description as well as by names of the owners, but that she, as county treasurer, would not know where to look for taxes assessed against the property unless she knew the description (C.M. 129).

The trial court found, under the evidence submitted, "that on two occasions the owner of this property made a request of the county treasurer of said county for a statement of his taxes," and it is evident from the testimony, clear, cogent, and convincing, that the property involved "was omitted by the treasurer from that statement, and that such omission thereby misled and deceived the owner of the property into the belief that it was not upon the tax rolls of the county" (C.M. 151).

It was noted by the trial court that it was held in such instances that "the failure of the county treasurer was a constructive fraud"; that the sale of the property for the nonpayment of taxes for the year for which inquiry and tender of taxes were made "was such an act on the part of the county treasurer as to excuse the taxpayer from the payment."

The taxpayer is supposed to know the correct description of his property, but when, as in the case at bar, the taxpayer makes tender to the county treasurer of either money in payment of taxes or a description capable of being rendered more complete, and either or both are accepted and acted upon by the county treasurer, a duty devolves upon that official to give notice to the taxpayer of the deficiency in either description of the property or payment made for taxes assessed against it. Title 68 O.S. 1941 § 201. Otherwise, in the absence of actual notice to the taxpayer, a presumption arises that "the owner remains in ignorance of another or greater tax burden (which) will be treated as subject to cancellation upon equitable consideration." Headley v. Hall, supra. Likewise, under the evidence adduced, it is clear, cogent, and convincing that this taxpayer, since deceased, "requested a statement of taxes (for which his property was subsequently sold and for which the resale tax deed was issued to defendant in error) and paid all demanded of him by the treasurer." Therefore, there was no valid sale for the taxes levied against the property involved which the treasurer failed to demand. Pottsville Lbr. Co. v. Wells, supra. Likewise, under equitable consideration enjoined upon us by our prior opinions, it may be well said in the case at bar that nonpayment of delinquent taxes was due to misinformation and miscalculation of the tax collector after inquiry by the owner of the realty, and that the owner of the realty, aged and infirm, continued to act in good faith until his demise, and that he did all that he was required to do to discharge his realty from the tax burden. Martin v. Bodovitz, supra. It was the duty of the county treasurer to impart correct information, and since it is established that by the errors and admissions, correct information as to the burden of taxes imposed upon the homestead of J. R. Hull was not imparted to him by the official charged with that duty, J. R. Hull did not in his lifetime lose his right to redeem such property by the mere lapse of time because of the inability of the officer to furnish information upon the inquiries so made, and unquestionably the right of redemption of J. R. Hull, deceased, within the period of limitations, was available to his administrators.

Reversed.

HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.