### SMITH v. BROOKS.

No. 31958. Jan. 15, 1946.

*165 P. 2d 352.*

C. E. Castle, of Wagoner, for plaintiff in error.

Bailey E. Bell, of Tulsa, for defendant in error.

DAVISON, J. The action from which this appeal arises was filed by Ira Brooks, defendant in error, hereinafter called plaintiff, against Minnie M. Smith, plaintiff in error, hereinafter called defendant, to cancel a resale tax deed covering a 40-acre tract of land located in Wagoner county. A jury was inpaneled to try the cause. Judgment was rendered canceling the re-sale tax deed, and defendant appeals to this court.

The pertinent part of the evidence introduced at the trial upon which the judgment is based is that plaintiff's husband purchased the land in 1935 and a mortgage was given back for the purpose of securing the payment of a portion of the purchase price. The husband died thereafter and a final decree of the county court of Tulsa county, dated March 15, 1940, was introduced in evidence vesting title to the lands in plaintiff. The mortgage was released March 1, 1941. Plaintiff tendered all taxes, penalties, interest and costs necessary for redemption from tax sale.

Plaintiff testified she wrote from Tulsa to the county treasurer of Wagoner county in 1938 requesting a statement of all taxes and upon receipt thereof paid the 1936, 1937, and 1938 taxes. The statement and tax receipts were introduced in evidence. Plaintiff also testified she likewise wrote the county treasurer in 1941 and 1942 requesting a statement of all taxes, and on the basis of the tax statements mailed to her by the county treasurer paid the 1940 and 1941 taxes. The tax receipts for these years were introduced in evidence. Plaintiff testified she did not have the letters requesting the tax statements or the tax statements furnished by the county treasurer and did not know where they were, and was permitted to testify as to their contents. In 1943 plaintiff wrote to the county assessor of Wagoner county requesting a statement of all taxes. This letter also could not be found and the exact date thereof could not be fixed. The county assessor advised plaintiff by mail as to the amount of the 1942 taxes. Plaintiff could not explain why she wrote the county assessor. On May 27, 1943, plaintiff bought a money order in the amount of the taxes and forwarded it to the county treasurer, who returned the same by mail advising plaintiff the land had been sold at resale on May 10, 1943, to the defendant for the 1939 taxes. Other evidence as to the alleged

invalidity of the resale deed was introduced, but that evidence is not necessary to this decision.

The defendant demurred to the evidence of plaintiff and moved for a directed verdict for defendant. The demurrer and motion were overruled. Defendant introduced her resale tax deed and rested. No evidence was introduced contradicting the evidence of plaintiff set out above.

The plaintiff moved for a directed verdict for plaintiff and defendant moved for a verdict for defendant. The court denied the motion of defendant and sustained the motion of plaintiff and rendered judgment for the plaintiff. The lower court based the judgment on the repeated requests of plaintiff for a statement of all taxes and found plaintiff had done all she was required to do in an effort to pay the taxes.

The defendant contends the judgment is contrary to the law and evidence and objects to the admission of certain evidence and the sustaining of the motion of plaintiff for a directed verdict. We cannot agree with these contentions.

In affirming the judgment of the trial court we disregard all the evidence of plaintiff concerning the request to the county assessor for a statement of all taxes.

In Alexander v. James, 195 Okla. 309, 157 P. 2d 456, we said:

"In an action to cancel tax deed where nonpayment of delinquent taxes is chargeable to misinformation or miscalculation of tax collector, on inquiry by owner of realty, and owner acting in good faith under such misinformation or miscalculation, and justifiably relying thereon, has made reasonably diligent effort to discharge his realty from the tax burden, any tax deed issued against the property so long as the owner remained in ignorance of another or greater tax burden will be treated as subject to cancellation on equitable consideration, upon full money tender."

See Headley v. Hall, 191 Okla. 352, 129 P. 2d 1018; McKinney v. Farrow, 194 Okla. 397, 152 P. 2d 265; Ponder v. Ebey, 194 Okla. 407, 152 P. 2d 268, and Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544.

The judgment of the trial court is affirmed.

All the Justices concur.