FOSTER v. OWENS et al.

No. 31937. Jan. 29, 1946.

*165 P. 2d 615.*

O. H. Presson, of Seminole, for plaintiff in error.

Geo. C. Crump and H. W. Carver, both of Wewoka, for defendant in error Josie Owens.

W. W. Pryor and G. O. Wallace, both of Wewoka, for defendant in error A. J. King.

RILEY, J. This action was commenced by Josie Owens against W. H. Foster to quiet title and cancel the resale deed to a certain 40-acre tract of land. Plaintiff alleged that she was the owner and in possession of lot 3 or the N.W.¼, of S.W.¼, sec. 18, twp. 8 north, range 6 E., in Seminole county; that W. H. Foster claimed right to said land by reason of a purported resale tax deed dated June 11, 1943; that the deed is void for the reason that on December 30, 1942, plaintiff offered to pay all delinquent taxes on said land, and that the treasurer refused to accept payment except for the year 1942, which latter year's taxes plaintiff paid; that the treasurer assigned, as a reason for refusal to accept taxes for the prior years, that there was some error in the assessment of the property; that it had been assessed by one Myrtle Ellen Kimbler with a homestead exemption; that the county treasurer advised plaintiff that he would secure a correction of the assessment record and notify plaintiff so that the taxes could be paid, all of which the county treasurer failed to do; that the property was not properly advertised for sale at the 1943 resale for the reason that Myrtle Ellen Kimbler was listed as the owner when in truth she never had any interest; that plaintiff never had notice of the sale. Plaintiff tendered into court, for the use of defendant, all taxes, interest, penalties, and costs.

Foster denied and cross-petitioned by allegation that plaintiff Josie Owens and one A. J. King were claiming a right inferior to that of defendant, which ought to be quieted.

Alice J. King entered her appearance, denied generally, and asserted ownership of an undivided one-half interest in the oil, gas, and mineral rights in the land, reserved in a conveyance of the surface to plaintiff Josie Owens. She sought to have her title quieted.

Judgment favored plaintiff and A. J. King; defendant Foster appeals.

Under the record the negligence resulting in the resale of the property was that of the county treasurer. On December 30, 1942, the taxes on the land were delinquent for the years 1937 to 1941, inclusive; the taxes for the year 1942 were due. Plaintiff, who then lived at Ada, in Pontotoc county, went to the county treasurer's office in Seminole county for the purpose of paying all her taxes. She owned other land in the same section. She paid the taxes on the other land and then inquired of the county treasurer, or his deputy, as to the amount of taxes on the tract of land here involved; the deputy county treasurer informed plaintiff that she did not own the land but that it was owned by Myrtle Ellen Kimbler. Plaintiff then requested the deputy to prepare for her a statement of the amount of delinquent taxes due on the land. The deputy county treasurer prepared an itemized statement showing the amount, in the total sum of $67.43. Plaintiff tendered a check for that amount. It was refused, for the reason assigned that there was some "mix-up" on the assessment, but the treasurer would straighten the matter out and notify plaintiff. The deputy county treasurer then permitted plaintiff to pay the 1942 taxes and issued receipt. Plaintiff testified:

"I told Mr. Wright when he didn't take my check on that forty, I says, 'Now, Mr. Wright, I don't want my land to go in a tax sale', and he said—as well as I remember, he said, 'As soon as we get it straightened out, I will notify you'. I says, 'Now, my address is not Seminole any more'. And I gave my address as Ada. Q. Did he ever write you and tell you he got it straightened out? A. No, sir, I never did get any notice."

She testified that she also talked to Mr. Bruce, who issued the tax receipt for the 1942 taxes, and that Deputy Wright, who was the deputy who refused to accept her check, and Deputy Bruce both informed her that she did

not own that particular 40 acres and that it belonged to Mrs. Kimbler. In all this she was corroborated by her daughter, Marie Maloy.

The deputy county treasurer, Mr. Wright, testified that plaintiff did offer to pay the delinquent taxes but he did not remember whether it was on December 30, 1942, or some other date. When asked whether he refused to accept the delinquent taxes, he testified:

"Well, I don't know as I exactly refused to take the taxes, but I believe I did suggest to Mrs. Owens to wait until we verified whether or not that was her 40 acres. Q. What prompted you to make that statement? A. Well, that tax roll was all the information I had and at that time it was assessed in this other party's name, Mrs. Kimbler, that I wouldn't be recognizing—that I wouldn't know, realizing that so many taxpayers had been officially questioned and we were having difficulty to get their taxes correct, why I possibly suggested that she wait until we got it straightened out. Q. Did you accept that as being a refusal to pay the taxes which she insisted upon paying them? . . . A. Well, at that time I wouldn't admit it to be a refusal. However, the county did stand to lose that amount, the difference between the homestead. The county should have more money than what was on the records at that time."

The land was assessed in the name of Josie Owens for the years 1937 and 1938. For the year 1939 it was assessed in the name of Myrtle Ellen Kimbler, with a homestead exemption claimed by her. In 1940 and 1941 it was assessed in the name of Myrtle Ellen Kimbler, but no homestead exemption appears to have been claimed. In 1942 it was assessed in the name of Myrtle Ellen Kimbler and a homestead exemption was claimed. Myrtle Ellen Kimbler never owned the property here involved, but owned a corresponding 40 acres in section 16 in the same township and range, which was in fact her homestead. The record does not show whether the error in the assessment and a claim of homestead exemption occurred in the office of the county assessor or county treasurer.

W. A. Kimbler, husband of Myrtle Ellen Kimbler, had previously called the error to the attention of the county treasurer. The homestead exemption claim did not appear as against the taxes upon the land owned by Myrtle Ellen Kimbler, but the county treasurer erased the amount of taxes shown against Mrs. Kimbler's 40 acres and reduced the amount of taxes so as to allow the homestead exemption on the land for that year, which made a difference in the taxes of about $7.

Notwithstanding, the county treasurer made no attempt to correct his records as to the land here involved. He did not notify the plaintiff, but advertised and sold the land at resale in 1943. It was advertised and sold as the land of Myrtle Ellen Kimbler, and the county treasurer, before issuing the deed, notified Myrtle Ellen Kimbler that her land had been sold at resale and called her attention to the fact that she could redeem the land at any time before resale deed was issued. Plaintiff did not learn of the resale of the land until December, 1943.

Where a taxpayer tenders to the county treasurer sufficient funds with which to redeem his land from all tax sales and informs such officer that he desires to redeem a particular tract of land from a tax sale, the taxpayer has done all the law requires of him in paying his taxes. If, under such circumstances, some or all of the taxes due are not paid by reason of the mistake or carelessness of the county treasurer, or his deputy, in calculating the taxes due, the taxpayer is entitled, in an action brought for that purpose, to have a tax deed set aside, if his evidence clearly shows that the taxes due, or any part thereof, were unpaid by reason solely of the mistake, omission, negligence, or fraud of the county treasurer or his deputy. Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544; Stamper v. Schwartz, 191 Okla. 308, 129 P. 2d 587; Headley v. Hall, 191 Ok-

la. 352, 129 P. 2d 1018; Martin v. Bodovitz, 194 Okla. 614, 153 P. 2d 825.

Plaintiff in good faith attempted to pay all the taxes on her property.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and WELCH, DAVISON, and ARNOLD, JJ., concur.