YOUNG v. FISHER.

No. 34180. June 19, 1951.

*233 P. 2d 285.*

Virgil M. Shaw and J. A. Rinehart, El Reno, for plaintiff in error.

A. Francis Porta, El Reno, for defendant in error.

O'NEAL, J. This is an appeal from a decree canceling resale tax deed and quieting title to the property involved in Edward G. Fisher, the former owner.

The action was commenced in the district court of Canadian county by plaintiff in error, herein referred to as plaintiff, against defendant in error, herein referred to as defendant, to quiet title to and for the possession of the east half of lot 9, block 102, Lake addition to the city of Yukon, Oklahoma.

Plaintiff, in his petition, alleges, as a first cause of action, that he is the owner of said property. He bases his title on a resale tax deed executed by Arthur T. March, county treasurer of Canadian county, dated March 25, 1945, filed for record and recorded in the office of the county clerk of Canadian county on March 26, 1946. The resale was for the 1941 taxes. Prayer was for a decree quieting his title to said property. In his second cause of action, plaintiff alleges that defendant is in

possession of said property without right and wrongfully refuses to surrender possession thereof to plaintiff. Prayer is for judgment requiring defendant, his agents, employees and all persons claiming under him, to surrender possession of said property to plaintiff. A copy of the resale tax deed, regular in form, is attached to the petition.

Defendant, after unsuccessful demurrer to the petition, filed his answer in which he admitted the execution of the resale tax deed and then alleges that said resale tax deed is void and of no force and effect in that the county treasurer had no authority to execute and deliver said resale tax deed because certain essential prerequisites to the vesting of his authority to execute and deliver said deed were wholly omitted and not done, in that:

(1) "The purported sale of said property to Canadian County, Oklahoma, at delinquent tax sale in 1942 did not contain a description of the real estate involved in this action, or if it did contain a purported description of said real estate, such description was couched in words and figures which were misleading and made it impossible for this defendant to recognize or understand that it was his property then being offered for sale."

(2) "No notice of the sale of said property in 1942, at original tax sale, was ever given, signed and published by the County Treasurer of Canadian County, Oklahoma, as required by law."

(3) "The amount of taxes for which said property was purported to be sold to Canadian County at original tax sale on November 2, 1942, did not include all of the taxes then levied and assessed against said property."

(4) and (5) That the amount for which said property was purported to be sold at resale did not include all of the taxes, penalties and interest then lawfully assessed and due upon said property.

(6) That no proper description of said property was included in any notice of resale for taxes upon which the resale of said property on May 14, 1945, was based.

(7) That "no notice was given this defendant by the County Treasurer of Canadian County, Oklahoma, of any taxes due and delinquent upon the above described real estate for the year for which said property was thereafter purportedly sold, and to the contrary, the County Treasurer of Canadian County, Oklahoma, gave this defendant to know and understand that all taxes on said property were paid in full."

Proper tender of the payment of all taxes, including penalties, interest and costs, which defendant would be required to pay if he were redeeming the property, was alleged and the tender was renewed in the answer. The prayer was for a decree quieting title and for possession in defendant. No reply was filed by plaintiff.

The issues were tried to the court resulting in a decree declaring the resale tax deed void and canceling same and quieting title in defendant, and plaintiff appeals.

At the trial there was some contention as to the sufficiency of the notice of original sale for taxes, and as to the sufficiency of the notice of resale. The question is also presented in this appeal. But in view of the evidence as to the seventh ground upon which defendant assails the validity of the tax deed, we deem it unnecessary to consider the question of the sufficiency of the notice of sale and the notice of resale.

Defendant, Fisher, testified, in substance, that he was the owner of the property involved; that in 1941 he was in San Antonio Texas; that he engaged one Homer Burson to manage his property in Yukon and pay the taxes thereon; that he furnished Burson the money to pay the 1941 taxes on the property involved; defendant returned from San Antonio, and in 1943 he went to the office of the county treasurer of Canadian county to pay his 1942 taxes;

that he paid the 1942 taxes on the property here involved and obtained an official receipt therefor dated March 4, 1943, signed "Don Ahren, County Treasurer, by Paul Scott, Deputy." He testified further that when he had paid his 1942 taxes he inquired of Scott whether or not he owed any back taxes and that Scott told him that he did not. The receipt for the 1942 taxes had a space for unpaid back taxes, and the space was left blank, thus indicating that there were no unpaid back taxes on the property. Defendant testified further that, on April 6, 1944, he paid the 1943 taxes on said property and received an official receipt therefor signed Paul Scott, County Treasurer, by "M.A.W." Deputy. That receipt also had a blank space for unpaid back taxes and none was shown. It appears that Paul Scott had in the meantime been elected county treasurer. On February 6, 1945, defendant paid the 1944 taxes on said property. Receipt therefor was signed "Arthur T. March, County Treasurer, by Flora B. Robinson, Deputy." Said receipt had a blank space for the amount of unpaid back taxes and none was shown.

The same was true as to the 1946 taxes, except that the receipt was signed by Arthur T. March, county treasurer. Defendant testified further that he relied upon the statement made to him by Paul Scott, deputy county treasurer, and at all times believed that the 1941 taxes on said property had been paid, and that he did not see the notice of sale, or the notice of resale, and did not know that the 1941 taxes had not been paid until after the resale tax deed had been issued.

Paul Scott was not called as a witness and the testimony of defendant stands uncontradicted in any way. The evidence brings the case squarely within the rule stated in Hancock v. Jones, 199 Okla. 443, 187 P. 2d 224, and LeGate v. Beck, 200 Okla. 378, 194 P. 2d 849.

In Hancock v. Jones, supra, it is held:

"In an action to cancel a resale tax deed where nonpayment of delinquent taxes is chargeable to county treasurer's misinformation or miscalculation, upon inquiry of that official by owner of realty, and owner, under such misinformation, miscalculation or lack of information, in good faith, justifiably relying thereon, has made reasonably diligent effort to discharge his realty from the tax burden, any resale tax deed issued against the property so long as the owner remains in ignorance of another or greater tax burden is subject to cancellation on equitable consideration, upon full money tender."

In LeGate v. Beck, supra, it is held:

"In an action to cancel a tax deed, where the evidence shows that the taxpayer made a good-faith effort to ascertain whether there were delinquent taxes against his property in order that he might pay the same, and although there were in fact taxes delinquent, was informed by the county treasurer that all taxes had been paid, and relying upon such misinformation failed to pay the delinquent taxes, and the land was sold at tax sale and tax deed issued, the taxpayer, upon making clear, cogent, and convincing proof that his failure to pay the taxes was due to the misinformation received by him, is entitled in equity to have the tax deed canceled upon payment of all delinquent taxes, interest, penalty and costs."

There are other cases to the same effect, and under the evidence in this case, and the rule above stated, the judgment of the trial court is affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and CORN, GIBSON, DAVISON, HALLEY, and JOHNSON, JJ., concur.