Frank M. MITCHELL and Wilma Mitchell, Plaintiffs in Error,

v.

Robert E. WALKER, Natalie Walker, John P. Richerson and Ruby E. Richerson, Defendants in Error.

No. 36839.

Supreme Court of Oklahoma.

Oct. 11, 1955.

748

Ferd P. Snider, William Hillhouse, Muskogee, for plaintiffs in error.

Forrester Brewster, Muskogee, for defendants in error.

HALLEY, Justice.

Parties will be referred to either by name or according to the position they occupied in the trial court.

In 1947, the plaintiffs, Robert E. and Natalie Walker, husband and wife, purchased a portion of Lot 16, Block 239 in the City of Muskogee, Oklahoma. This became their homestead and has been ever since. At the time of the purchase of the property they assumed a mortgage against it for $4,850 owned by the Victor Savings and Loan Association of Muskogee. This association paid the taxes on the property each year while it held the loan. In 1950, the plaintiffs obtained a loan from John P. Richerson and Ruby E. Richerson and paid off the mortgage to the Victor Savings and Loan Association. The payments to the Richersons were made payable through the First National Bank of Muskogee. From the time of acquiring this property down to now the plaintiffs claimed their homestead exemption on this property which has been allowed. In addition to this they have paid their personal taxes to the County Treasurer of Muskogee County each year and have been financially able to pay the taxes assessed against the lot. On February 26, 1951, plaintiff Robert E. Walker paid his personal taxes at the County Treasurer's office and at that time made inquiry of the deputy county treasurer who was waiting upon him if there were any unpaid taxes against his real estate and was told there was none. He was of the opinion that the taxes on his homestead were being paid by the Bank as they had formerly been done by the Building and Loan Association. This property was sold at the original tax sale in 1951 for the 1950 taxes in the amount of $1.23, plus 90 cents costs, making a total of $2.13. Thereafter the taxes for the years 1951, 1952, 1953, with penalty were added, making the total of all tax charges $4.61. In May, 1954, the property was sold at resale for the total of $4.61 unpaid taxes, interest, costs and penalty. A resale tax deed was issued by Muskogee County to the defendant Otis H. Eversole and filed May 20, 1954. On May 24, 1954, Eversole executed a quitclaim deed to the defendants, Frank M. and Wilma Mitchell.

After a full and complete trial the judge made the following finding and rendered the judgment shown:

"The plaintiff taxpayers having made a good faith effort to ascertain whether there were delinquent taxes against the property in order that they might pay the same, and although there were in fact taxes delinquent, being informed by the County Treasurer that there were no taxes, and relying upon such misinformation, and being ignorant of the fact that there were unpaid taxes and therefore failing to pay the delinquent taxes, are entitled in equity to have the Tax Deed cancelled since they have tendered all delinquent taxes, interest, penalty and costs."

Full money tender was made by the plaintiffs in this case.

■ The defendants Mitchell have appealed and contend that the judgment of the trial court is contrary to both the evidence and the law. With these contentions we cannot agree. The evidence in this case unquestionably shows that prior to the original sale in this case, plaintiff Robert E. Walker made inquiry as to his real property taxes and was informed there were no taxes due. We have held in numerous cases that under such circumstances that the tax deed, either original or resale, will be cancelled upon equitable considerations. Young v. Fisher, 204 Okl. 632, 233 P.2d 285; Le Gate v. Beck, 200 Okl. 378, 194 P. 2d 849; Alexander v. James, 195 Okl. 309, 157 P.2d 456; Hull v. Baxter, 195 Okl. 425, 158 P.2d 910; Martin v. Bodovitz, 194 Okl. 614, 153 P.2d 825.

■ This being a case of equitable cognizance, we have read the record and have weighed the evidence and find that the judgment is not clearly against the weight thereof.

Judgment affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.