Lonnie R. EDMONDSON, Plaintiff in Error,

v.

Marion BURKE, Defendant in Error.

No. 41585.

Supreme Court of Oklahoma.

Dec. 12, 1967.

As Amended Dec. 26, 1967.

Jesse L. Leeds, Muskogee, for plaintiff in error.

Kay Wilson, Jr., Muskogee, for defendant in error.

BERRY, Justice:

Plaintiff in error brought suit in the trial court seeking cancellation of a resale tax deed issued to defendant in error. The trial court sustained a demurrer to plaintiff's evidence and dismissed the action. This appeal involves only the single issue of correctness of the trial court's determination.

Plaintiff was the owner of three lots in Muskogee, Oklahoma, upon which taxes for years 1960–1962, inclusive, were unpaid. The lots were purchased by the County at regular sale for delinquent taxes. Thereafter the property was advertised and sold at the 1964 tax resale, defendant being the purchaser and receiving a resale tax deed. The petition for cancellation alleged plaintiff was misinformed and unaware the taxes had not been paid; that upon discovery of this fact a good faith effort was made to pay delinquencies; that tender of all taxes, penalties and interest had been made; defendant had refused such tender and action therefore was brought for cancellation.

Defendant plead the regularity of the tax sale at which the property had been purchased and validity of the deed under which title was derived. Defendant asked that title be quieted, and cross-petitioned asking that plaintiff be perpetually enjoined from asserting any interest in the property.

The evidence showed plaintiff, 71 years old, had been injured in 1958 and as a result was partially paralyzed and unable to move about to transact business. Following his injury plaintiff appointed his wife as an agent to handle payment of taxes and furnished money for this purpose. The wife did not pay the taxes, although when inquiry was made she assured plaintiff the taxes had been paid. In 1964 plaintiff was able to move about and, upon making trip to the courthouse to inquire about his taxes, learned payment had not been made and the property had been sold.

The contention is the matters shown established a prima facie case of plaintiff having been misinformed and ill advised, and such misapprehension resulted in sale of the property for taxes.

Plaintiff asserts the applicable rule is that equity will cancel the tax deed when there is clear and convincing proof that failure to pay taxes is due to misinformation received by the taxpayer. Mitchell v. Walker, Okl., 288 P.2d 747, and cases cited at p. 749. Upon this basis it is urged that because of plaintiff's necessary reliance upon another to act as his agent, and failure to pay taxes resulted from misinformation the same principle should be applied.

Plaintiff's action was brought under the ad valorem tax code prior to the 1965 legislative revision. See 68 O.S.Supp.1965 § 2401 et seq. The controlling statute was 68 O.S.1961, § 432h, which provided that a properly executed resale deed was prima facie evidence of seven enumerated considerations. This statute further requires that a tax deed can be defeated only by pleading and clearly proving that " * * * one or more of the essential prerequisites to the vesting of authority in said County Treasurer to execute such deed was wholly omitted and not done; * * * ."

■ This statute has been construed and applied many times. In Grimes v. Carter, 185 Okl. 469, 94 P.2d 544, we reviewed decisions from other courts and noted the variance of holdings, and adopted the more conservative rule applied consistently thereafter. This rule is that a taxpayer is required to discharge his full obligation, but is not to be deprived of his property rights without his day in court. Thus where a taxpayer has done all required of him in paying taxes, but by mistake in calculation or carelessness on the part of the taxing officials there is a failure to discharge all taxes due, the taxpayer has an equitable defense to the tax deed if supported by clear, cogent, convincing proof that failure to pay taxes resulted from fault or misinformation of such official.

Following Grimes, supra, variations of the problem were presented and determined in Brewer v. Davidson, 195 Okl. 654, 163 P.2d 987; Alexander v. James, 195 Okl. 309, 157 P.2d 456; Ludeman v. Armbruster, 196 Okl. 452, 165 P.2d 835; Hull v. Baxter, 195 Okl. 425, 158 P.2d 910; Martin v. Bodovitz, 194 Okl. 614, 153 P.2d 825; LeGate v. Beck, 200 Okl. 378, 194 P.2d 849; Young v. Fisher, 204 Okl. 632, 233 P.2d 285; Mitchell v. Walker, supra. In most of the cases cited the taxpayer made a good faith effort to discharge his taxes, but was prevented from doing so because of misinformation or failure on the part of the taxing official. In two instances the tax deed was set aside and redemption allowed because the delinquencies resulted from failure of the agent to discharge his duty because of the misinformation supplied the agent by the County Treasurer. See Alexander and Bodovitz cases, supra.

■ Our decided cases, including those cited, consistently hold that where failure to pay taxes results from misinformation given by the County Treasurer, or those acting for him, upon which information the property owner acted in good faith and thereby allowed taxes to go unpaid upon the property which resulted in tax sale, the tax deed is subject to cancellation. The sound basis for this lies in the general rule that public officers will be presumed to have performed their duties by acting regularly and in a lawful manner. 29 Am.Jur.2d, Evidence § 171; 42 Am.Jur., Pub.Adm.Law § 240.

■ In all the cases cited, and others which we have examined, the action arose out of failure to pay taxes occasioned by the taxpayer's good faith reliance upon misinformation furnished by the County Treasurer, or positive error by him committed. In no case found has the misinformation which misled the taxpayer been occasioned by breach of confidence, or failure of a member of the family to act. Such breach or failure, even if pleaded and proved, would not establish failure or omission of one of the enumerated prerequisites to vesting of authority in the County Treasurer to execute the deed.

Judgment affirmed.

All Justices concur.