STALEY, Deputy County Assessor, v. BOARD OF COUNTY COM'RS OF MUSKOGEE COUNTY.

BOARD OF COUNTY COM'RS OF MUSKOGEE COUNTY v. STALEY, Deputy County Assessor.

No. 10278—Opinion Filed March 11, 1919.

(179 Pac. 465.)

(Syllabus.)

1. **Taxation—Delinquent Taxes — Disposition of Penalties.**

Penalties added to the tax of delinquent property owners under section 1, c. 193, Sess. Laws 1915, when collected by the county treasurer, belong and are payable to the deputy assessor making the assessment, "or his department."

2. **Same—Penalties—Proceeds — Action for Amount.**

In an action by the deputy assessor against the board of county commissioners to recover such penalties, after collection by the county treasurer, the board cannot set up irregularities in making the assessment as a defense.

3. **Same—Application of Statute.**

The $1 penalty prescribed in section 1 of the act of April 5, 1915 (Laws 1915, c. 193), applies as well to delinquent owners of real property as to delinquent owners of personal property.

4. **Same—Disposition of Penalty—Evidence.**

Evidence of an agreement between the deputy assessor and his superior officer for a division of the penalties when collected, held incompetent and properly excluded.

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Proceeding by J. A. Staley, Deputy County Assessor of Muskogee County, against Board of County Commissioners of Muskogee County. From the judgment allowing the plaintiff's claim in part both plaintiff and defendant bring error. Reversed and judgment ordered entered for the full amount of the claim.

Joseph C. Stone, Chris. A. Moon, and Francis Stewart, for J. A. Staley.

W. W. Cotton, Co. Atty., and R. E. Jackson, Asst. Co. Atty., for Board of County Com'rs.

SHARP, J. During the years 1916 and 1917, G. Porter Spaulding was assessor, and J. A. Staley deputy assessor, of Muskogee county, Okla. While such deputy assessor, and for the years named, Staley made ar-

bitrary assessments againt the property owners in said county who had failed to list their property for taxes for the current year, and caused penalties therefor of $1 each to be added upon the tax rolls. By reason of such arbitrary assessments, there was collected by the county treasurer for the years named the sum of $5,780.50 in penalties. Of this amount all but $7 was for the year 1917. Of the amount collected, $2,312 was for penalties for failure to assess personal property, the balance of $5,468.50 being for assessments made against real estate. Thereafter Staley duly presented his claim for the full amount of the penalties authorized for making the arbitrary assessments to the board of county commissioners, which claim the board disallowed. On appeal to the district court judgment was entered in Staley's behalf in the sum of $2,312, the amount of the penalties for delinquent personal property assessments, and in favor of the board of county commissioners for the balance of the claim. From the judgment both Staley and the commissioners bring error.

Staley rests his claim upon section 1 of chapter 193 of the Session Laws of 1915, which section is amendatory of section 6 of chapter 152 of the Session Laws of 1911. Section 6, as amended, and under which the assessments for both years were made, requires that the county assessor shall, on the 15th day of January of each year, proceed to take a list of all the taxable property in the county, and assess the value thereof as of January 1st, by posting notices in three or more conspicuous places in each city or voting precinct, at least 10 days prior to the date the assessor will meet the taxpayers to list their property, and that the assessor shall remain at each city or voting precinct one day for each 60 voters or major fraction thereof, in each such city or voting precinct. If any taxpayer shall fail to meet the assessor and list his property on the date advertised in his voting precinct, he may meet him in another township or voting precinct and list same. If any taxpayer, by reason of sickness, or any other unavoidable circumstances, shall not be able to meet the assessor on the date advertised, he may render a written list of all his personal property, including a legal description of his real estate, if any, and shall subscribe and swear to the oath required by each taxpayer as to its correctness. After the county assessor shall have visited each city or voting precinct in compliance with the act, he shall give notice by publication in some newspaper of general circulation in the county, and, if there be no

newspaper published in such county, then by posting notices in each voting precinct, that he will be in his office at the county seat the next 20 days for the purpose of assessing those who have not assessed their property for the current year. At the expiration of 20 days those who have failed to assess their property for the current year shall be declared delinquent, and a penalty of $1 for such failure shall be added to his or her tax and entered on the tax books, and collected by the county treasurer, and, when collected, "shall be paid to the deputy assessor, or his department, who assessed said delinquent property." Provided, that no assessor shall be authorized to proceed by giving notice, as therein provided, until the board of county commissioners of such county shall have authorized such procedure by resolution duly passed in regular or special session, which notice shall be published at least once in some newspaper of general circulation in the county.

On the part of Staley, it is contended the trial court erred in holding that no judgment could be rendered for statutory penalties which accrued and were collected on real estate on the ground (urged by the commissioners) that "there was no proper authorization for the charging of the penalties," and for the alleged reason that the assessments were not made as the law contemplated. Furthermore, it was claimed that, even though the assessment proceedings were irregular, the services having been rendered, and the penalties having been paid by the delinquent property owners to the county treasurer, the board of county commissioners could not avail itself of such irregularities in making the assessments as a defense, and consequently the court erred in not rendering judgment for the full amount of the claim presented. The board of county commissioners contend that the trial court erred in rendering judgment for the amount of the penalties accruing on the arbitrary assessments made against the delinquent owners of personal property, and in not affording an opportunity to prove "a corrupt and unlawful agreement between claimant and his superior officer."

The notices required of the county assessor by the amended statute were given, and appear in every way to be regular. There was also introduced in evidence resolutions of the board of county commissioners, passed, respectively, on January 4, 1916, and January 2, 1917, authorizing the giving of the notice No attack is made on the validity of the

statute, nor is it urged that its provisions are ambiguous and susceptible of a construction which would enable the county to escape liability for the penalties collected by the county treasurer. Nor is it seriously insisted that the proceedings were not had under the amended statute, if, indeed, they could be had under any other. Indeed, we find it hard to understand the precise grounds upon which the board of county commissioners deny liability, unless it be on account of some irregularity in the proceedings not called to our attention. No claim is urged that such irregularity, if any there be in fact, worked to the prejudice of the state, the county, or any legal subdivision thereof. In the state of the record, and in the absence of evidence, it is unnecessary to determine what, if any, presumption should be indulged in favor of the regularity of the proceedings of the board, the county assessor, or his deputy, or to say whether or not, upon the face of the record, the proceedings were irregular, for the reason that such a defense is not available to the county commissioners. The statute, fixing a penalty for failure to render property for taxation, provides that the penalties when collected shall be paid "to the deputy assessor or his department," who assessed the delinquent property. The county treasurer is merely the agency through which the penalties are collected, and when collected they belong to the officer authorized by statute to receive them as a part of his compensation. The county is given no interest whatever in the penalties. In actions for money had and received, a defendant may show any fact that entitles him to retain the money on either legal or equitable grounds. If the defendant can establish no such right, it follows, of course, he has no valid defense. A public officer who has control of funds belonging to another officer cannot urge that the statute, if enforced, may work an injury to another, or, as here, that a particular deputy is given a preference over other deputies in a remunerative public employment. No complaint, so far as is shown by the record, has been made by the property owners who paid the penalties. The wrongful act of the county officers charged with the duty of paying the penalties collected to the deputy assessor "or his department" cannot operate to confer any title to such money in the state, the county, or any legal subdivision thereof, for which the tax was assessed and collected. The penalties were paid by the delinquent property owners to the county treasurer, and received by him for the account of the deputy assessor, and for which purpose they alone could be used.

The court did not err in excluding the offer of the county commissioners to prove an agreement existed between the deputy, Staley, and his superior officer for a division of the penalties when collected. The matter was one in which the board was not concerned, and, though the agreement had been proved, it would have constituted no defense. Whether or not such an agreement is valid and enforceable in an action between proper parties we do not undertake to say. The evidence offered respecting the agreement for a division of fees, claimed to have been entered into between the assessor and his deputy, involves a purely collateral question, and though found to exist, would, as already stated, afford no defense to the county commissioners.

The statute provides for the taxing of the penalties on those who fail to assess "their property" for the current year, and makes no distinction between taxes assessed on real and personal property. Such being the case, the court should have entered judgment in favor of Staley for the full amount of the penalties, added to the taxes of the delinquent property owners, and collected by the county treasurer, for both the years 1916 and 1917, amounting to $5,780.50. The judgment of the court is therefore reversed, and judgment is accordingly ordered entered for the full amount of the claim.

All the Justices concur, except KANE and HARRISON, JJ., who concur in the conclusion.