STAMPER, Adm'r, et al. v.
SCHWARTZ.

No. 29633. Sept. 29, 1942.

*129 P. 2d 587.*

A. M. Reinwand, of Lawton, for plaintiffs in error.

Dwight Malcolm, of Lawton, for defendant in error.

OSBORN, J. This action was commenced in the district court of Comanche county by Victor G. Schwartz, hereinafter referred to as plaintiff, against M. L. Stamper, as administrator of the estate of John Anderson, deceased, and M. L. Stamper, personally, hereinafter referred to as defendants, as an action in ejectment and to quiet title to real property wherein plaintiff's rights were predicated upon a resale tax deed dated April 26, 1938. Issues were joined and the cause was submitted to a jury to determine disputed issues of fact. The jury determined the issues in favor of plaintiff. A judgment was entered in harmony with the findings of the jury, and defendant has appealed.

The land was advertised for resale for delinquent taxes for the years 1932 to 1937, inclusive. Defendant introduced in evidence certain redemption certificates which he contended showed that the taxes for 1932 and 1934 had been redeemed. Certain documentary evidence from the office of the county treasurer of Comanche county disclosed that, as a matter of fact, these certificates were for taxes for the years 1928 and 1929. Defendant claimed payment of the taxes for the year 1937. In this connection the record shows that on July 7, 1937, one of the owners of the property, who lived in Illinois, made a remittance to the county treasurer of Comanche county in the sum of $80 without direction as to the manner of its application. The treasurer, in the absence of such direction, applied the remittance to payment of the taxes for the year 1931. The taxes for that year, together with penalties, amounted to $73.34. A redemption certificate was issued for that amount and the balance of $6.66 was returned to the property owner. The verdict of the jury is as follows:

"We the jury, empaneled and sworn to try the issues, in the above-entitled cause, do upon our oaths, find that no taxes whatsoever were paid for the years for which the land in question, herein, was sold at resale, that is none for 1932, 1933, 1934, 1935, 1936 and 1937."

The contention that the verdict is unsupported by the evidence is without merit. The documentary evidence produced at the trial disclosed that none of the payments relied upon by defendant were made for the years for which the property was sold.

It is further contended that under the facts above outlined defendant is invested with an equitable defense to the

tax deed, which contention is predicated upon the ruling in the case of Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544.

It is argued that when the remittance of $80 was made to the treasurer's office, a portion of which was returned to the taxpayer, the duty devolved upon the county treasurer to inform the taxpayer that the remittance was insufficient to pay all of the delinquent taxes against the property, and the failure on the part of the treasurer to disclose such information to the taxpayer created an equitable right to redeem the property from the resale. Defendant tendered payment of all the delinquent taxes, penalties, interest, and costs for which the land was sold. The authority relied upon does not support the contention. It was pointed out in Grimes v. Carter, supra, that the taxpayer made a tender to the county treasurer of all taxes, penalties, interest, and costs which had accrued against the property, or an amount sufficient to redeem the land from tax sale. It was held that where such a tender was made the taxpayer had done all the law required of her, and where the officer by miscalculation or carelessness failed to take out of the money tendered to him a sufficient sum, or demand such sum, to pay all of the taxes, and the land was thereafter sold for such taxes, an equitable defense was created against the tax deed. In the instant case there is no showing that the sum of $80 was tendered in full payment of all delinquent taxes nor does it appear that the county treasurer represented to the taxpayer that said sum was sufficient to pay all delinquent taxes, interest, penalties, and costs. The authority relied upon is clearly inapplicable. Under the provisions of 68 O. S. 1941 § 212, no demand for payment of taxes is necessary, and it is the duty of every person subject to taxation to attend the treasurer's office and pay his taxes, and in the event of a failure to do so, it is the mandatory duty of the treasurer to proceed to collect the same in the manner provided by law.

Other contentions of the defendant have been examined and are without substantial merit.

The judgment is affirmed.

RILEY, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., CORN, V. C. J., and ARNOLD, J., absent.