GRUBB, County Treas., v. JOHNSON OIL REFINING CO.

No. 32394. April 15, 1947.

*179 P. 2d 688.*

L. N. Kimrey, County Atty., of Pawnee County, of Pawnee, and Randell S. Cobb, Atty. Gen., and James C. Harkin, Asst. Atty. Gen., for plaintiff in error.

J. A. McCollum, of Pawnee, for defendant in error.

OSBORN, J. This action was brought by plaintiff, Johnson Oil Refining Company, against Mildred Grubb, county treasurer of Pawnee county, to recover taxes paid under protest. Judgment was for plaintiff, and defendant appeals.

Essential facts are undisputed. Plaintiff failed to file its 1944 list or return of its personal property for taxation until after May 1, 1944. The county assessor of Pawnee county accepted the valuation of plaintiff's property as shown in said list, but added to such valuation 10 per cent of the amount thereof as a penalty under the provisions of 68 O.S. 1941 §15.12, and plaintiff's taxes were computed upon such increased valuation. Plaintiff paid the taxes under protest and brought this action, under the provisions of 68 O.S. 1941 §15.50, for the recovery of the amount by which its taxes had been increased by the imposition of the penalty. The trial court held that the imposition of the penalty by the county assessor was erroneous; that the penalty only applied and could be imposed in case the failure by the taxpayer to file a return made it necessary for the assessor to ascertain and estimate the value of the taxpayer's property and list the same independently of any assistance from the taxpayer, and that the penalty did not apply where, as in the instant case, the list was filed and the **valuations thereon accepted by the assessor.** The court further held that if

the penalty provision of 68 O.S. 1941 §15.12 applied in cases where the taxpayer filed a list after May 1st which was accepted as to valuations by the assessor, the penalty provision was arbitrary and unreasonable, and deprived plaintiff of its property without due process in violation of the State and Federal Constitutions.

Defendant contends that the penalty provided in section 15.12 applies in all cases where the taxpayer fails to list his property with assessor on or before May 1st of the tax year, whether the property is thereafter listed by the taxpayer and the valuation shown on such list is approved by the assessor, or whether no list is at any time furnished by the taxpayer and the property is listed and valued by the assessor without any assistance from the taxpayer; that in either case the requirement of the statute that the penalty be imposed is mandatory, and that the assessor has no discretion in connection with the imposition thereof. We think this contention is correct, and that the trial court erred in refusing to so hold.

Section 15.12, after providing that the county assessor or his deputies shall meet the taxpayers at various places throughout the county for the purpose of taking lists of personal property, and receiving homestead exemption applications, and that those taxpayers who fail to meet the assessor and list their property at such time may list their property with the assessor at the county seat on or before March 1st, and that all who fail to list their property on or before March Ist shall be delinquent and a penalty of $1 added to their tax assessments, provides as follows:

"If any personal property is not listed on or before May 1st of any year, when such property is assessed there shall be added as an additional mandatory penalty ten per centum (10%) of the value of such property. If the county assessor fails, neglects or refuses to add the penalty of one dollar ($1.00) and the ten per centum (10%) valuation penalty, as hereinbefore provided, he shall be liable on his official bond for the amount of said penalty."

The fact that the assessor accepted the valuation placed upon its personal property by plaintiff, and did not change or increase the amount thereof, or that he did not, after March 1st, proceed to make an investigation and list the value of the property of plaintiff, as he was authorized to do by section 15.18, does not relieve plaintiff of the penalty imposed. The penalty is not imposed to reimburse the county or the assessor for extra work done by the assessor, as was formerly the case under the statute providing for the imposition of the $1 penalty (see Staley v. Board of County Commissioners, 72 Okla. 147, 179 P. 465), but was imposed for the purpose of enforcing the listing of property by the taxpayer.

Plaintiff asserts that under the provisions of section 15.18, the assessor, if personal property is not listed with him on or before March 1st of any year, is required to ascertain and estimate from the best information obtainable the amount and value of such property and to list and assess the same in the name of the owner, if such owner be known, and that before said assessment becomes final he must mail a copy of it to the owner, who has ten days thereafter to be heard on the valuations. He says that in view of the provisions of this section it is absurd to contend that the assessor, by simply failing to take such action as is provided therein and waiting until May 1st, may then penalize a taxpayer, who lists his property after that date, 10 per cent without notice to him.

We think the two sections are not, when properly construed, inconsistent, and that compliance by the assessor with the provisions of section 15.18 does not preclude him from imposing the penalty provided by section 15.12 in event he pursues the course outlined in section 15.18 and lists and values the property without assistance from the owner. In such case, if the owner does not file his list within the time required by section

15.12, the penalty prescribed by section 15.12 would apply, and would be imposed by the assessor. We think the assessor could, in his discretion, rely upon the promise of the taxpayer to file a list of his property, and refrain from making an independent investigation and listing of the property as provided by section 15.18. This, from the evidence, appears to have been the course he pursued in the instant case, but plaintiff did not file the list of its property until the 8th day of June, 1944. We think the course to be pursued by the assessor is left to his best judgment, and that the requirement contained in section 15.18 is not mandatory but directory.

Plaintiff further asserts that under the facts in the instant case the assessor did not assess the property of plaintiff, as the term "assess" is used in section 15.12, but merely received and accepted the rendition made and filed by the taxpayer. We think that this argument fails to differentiate between the listing and assessment of property. The listing of property, while a step in the proceeding for assessment, was not in itself an assessment. The assessment, as the term is used in the statute, is the fixing of the valuation of the property by the county assessor, either by approval of the valuation listed by the taxpayer, or by the raising or lowering of the valuation by the assessor under the authority given by section 15.16 of the statutes. It is a quasi-judicial act by the assessor. In re Assessment of Western Union Telegraph Co., 35 Okla. 626, 130 P. 565; Public Service Co. of Oklahoma v. Parkinson, 192 Okla. 607, 143 P. 2d 125. The property was assessed, as the term is used in section 15.12, when the valuations were approved by the county assessor and placed upon his assessment roll prior to delivering the same to the county equalization board, as provided in section 15.52. Texas-Empire Pipe Line Co. v. Tulsa County Excise Board, 191 Okla. 586, 131 P. 2d 745. The listing by plaintiff was not an assessment.

Plaintiff also asserts that section 15.12 does not apply to corporations, but that the assessment of corporations is governed by sections 15.12 to 15.15, inclusive, and that the penalty for its failure to list is contained in section 15.15, which provides as follows:

"Should any taxpayer neglect, fail or refuse to make a proper itemization of his property in any county, or neglect, fail or refuse to furnish any other information required by this section, or the preceding section, it shall be the duty of the County Assessor or the County Board of Equalization to ascertain, from the best information obtainable, the value of the property of such taxpayer, and as a penalty, shall add ten per centum (10%) of the value thereof so ascertained, provided that the penalty shall not be applied until the taxpayer shall have had ten days notice of the intention to apply the penalty and an opportunity to be heard."

The trial court resolved this contention against the plaintiff, and, we think, correctly. By its plain language the penalty imposed by section 15.12 is applicable to all taxpayers who, like plaintiff, are required to list their property with the county assessor. The penalty provided by section 15.15 applies only where the taxpayer fails to furnish additional information or more specifically itemize his property when requested to do so by the county assessor or board of equalization, and it becomes necessary for the assessor or board of equalization to make an independent investigation to procure such information. Each penalty is applicable to all taxpayers alike, whether they be individuals or corporations.

Defendant next contends that the trial court erred in holding that the penalty provision of section 15.12 violated the due process clause of the State and Federal Constitutions, if applied as in the instant case. In this connection defendant contends that plaintiff failed to pursue the proper remedy by failing to appear before the county board of equalization to have its property revalued, and prosecuting an appeal from any adverse decision by the board.

We think that the action of the assessor in imposing the penalty upon plaintiff was not subject to review or correction by the county equalization board, and that plaintiff, in paying the taxes under protest and bringing this action to recover taxes which it contends were improperly assessed, pursued the proper remedy.

68 O.S. 1941 §15.40 defines the power and authority of county boards of equalization, as follows:

"It shall be the duty of said Boards, and they shall have the authority, (a) to equalize, correct and adjust the assessed valuation of real and personal property, by raising or lowering the valuation of the property, real or personal, of any taxpayer, to conform to the fair cash value thereof, as defined by law, (b) to add omitted property, and (c) to cancel assessments of property not taxable."

That section does not authorize the board to set aside or annul the penalty provided by section 15.12, after the same has been imposed by the county assessor. While the imposition of the penalty increases the valuation of the taxpayer's property, it is a statutory increase in a specific amount provided by the statute, and is not an increase in valuation over which the county board of equalization may exercise any authority. It is a penalty fixed by law upon the failure of plaintiff to list its property, and not an increase in valuations in the discretion of the county assessor. It is imposed by the Legislature as an additional charge or punishment for delinquency upon the part of the taxpayer. Board of County Commissioners v. City of Clinton, 49 Okla. 795, 154 P. 513.

But we think the contention of defendant that the statute imposing the penalty does not violate the due process clause of the State and Federal Constitutions is well taken, and that the trial court erred in holding the statute unconstitutional. In the instant case plaintiff was given notice by the statute itself that if it failed to file its return on or before May 1st, it was the manda-

tory duty of the county assessor to impose the penalty. Plaintiff was charged with knowledge of the law, and where the statute fixed the date after which the penalty would be applied, that was sufficient notice, and no additional notice by the assessor was required. Cooley on Taxation (4th Ed.) vol. 3, § 1127.

In Stamper v. Schwartz, 191 Okla. 308, 129 P. 2d 587, we said that where the statute notified the taxpayer of the time within which he could pay his tax, no demand for payment of taxes was necessary, it being the duty of the taxpayer to attend the treasurer's office and pay his taxes in accordance with the command of the statute. So in the instant case it was the duty of the taxpayer to file his return within the time specified by law in order to avoid the imposition of the penalty, and upon his failure to do so the penalty applied.

Furthermore, the taxpayer could, if he considered the penalty improperly or wrongfully imposed upon him, proceed in accordance with 68 O.S. 1941 §15.50 to pay the tax under protest and bring his action to recover the excess. That right being exercisable by him in such case, he was not deprived of a hearing, and the due process clause was not violated. In Bonaparte v. American Vinegar Mfg. Co., 161 Okla. 54, 17 P. 2d 441, we said:

"The plaintiff further contends that by reason of the failure of the county assessor to publish notice as required by section 9664, supra, if he was required to pay the taxes assessed against his property by the county assessor he would be deprived of his property without due process of law. We cannot agree with this contention. Due process of law is shown when opportunity is conferred to invoke the equal protection of the law by judicial proceedings appropriate for the purpose and adequate to secure the end and objects sought to be attained. Chicago, R. & Q.R. Co. v. State ex rel. City of Omaha, 47 Neb. 549, 66 N. W. 624, 41 L.R.A. 481, 53 Am. St. Rep. 557."

In Re Thomas' Estate, 192 Okla. 409, 136 P. 2d 929, we said:

"In respect to taxation, the 'due process' provision of the Constitution is satisfied if at some stage of the proceeding, either before or after assessment, the party assessed has notice thereof and an adequate opportunity to be heard either before a judicial tribunal or a board of assessment."

In Security Trust & S. V. Co. v. Lexington, 203 U.S. 323, 51 L. Ed. 204, 27 S. Ct. 87, the Supreme Court of the United States held that where the procedure of the state gave the taxpayer an opportunity to be heard upon the validity of the tax in a proceeding to enjoin its collection, the requirement of due process was satisfied.

The cases cited by plaintiff, such as Central of Georgia R. Co. v. Wright, 207 U.S. 127, 52 L. Ed. 134, 28 S. Ct. 47, deal with state statutes under which the taxpayer was not afforded an opportunity to be heard as to the validity or invalidity of the tax. They are neither controlling nor persuasive on the question herein involved.

Penalties such as the one provided in section 15.12 are almost uniformly held valid. 61 C. J. p. 1482, §2105; State v. Page, 100 W. Va. 166, 130 S. E. 426, 44 A.L.R. 501, and authorities cited; Cooley on Taxation (4th Ed.) vol. 3, §1092, 26 R.C.L. p. 343, §600; 51 Am. Jur. 629, §669.

We hold that the statute is not violative of either the State or Federal Constitution; that the penalty provided in section 15.12 is not unreasonable or arbitrary, and that it was properly imposed upon plaintiff by the county assessor as his mandatory duty under the plain provisions of the statute.

Reversed, with directions to render judgment for defendant.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.