Dear Senate Taylor,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
 1. May a county assessor assess the value of personal property without notification to the taxpayer?
 2. May a county assessor apply a penalty to an assessment without notifying the taxpayer?
 3. Should only the taxpayers who turn in accurate and timely itemizations of personal property be assessed?
 I.
¶ 1 In your first question you ask whether a county assessor may assess the value of personal property without notification to the taxpayer.
¶ 2 In answering your question, it should first be noted that the statutorily required procedure for ad valorem taxation of property within a county involves several distinct steps, and the responsibility for carrying out those steps is divided among several county officers. Clearly, at the end of the taxation procedure the county treasurer is required to mail to the taxpayer a notice which separately states the amount of ad valorem taxes assessed against the taxpayer's real and personal property. See, 68 O.S. 24201 (1981). Your question is concerned, however, with the earliest step of the taxation process; that is, the "assessment," or initial determination by the assessor of the value of the property to be taxed. See,Grubb v. Johnson Oil Refining Co., 179 P.2d 688 (Okla. 1947).
¶ 3 We have examined the statutes in question, and find no per se requirement that taxpayers be notified by the assessor of the amount of their personal property assessment. However, it is clear from the statutes governing ad valorem taxation that the Legislature contemplated that the individual taxpayer would be aware of the value, for ad valorem tax purposes, placed on his or her personal property. Title 68 O.S. 2431(b) (1981) provides, in essence, that all taxpayers must list their personal property with the county assessor prior to March 15, of any given year. Thereafter, 68 O.S. 2460 (1987) provides:
 In any case where the county assessor shall increase the valuation of any property above that returned by the taxpayer . . . the county assessor shall notify in writing the person in whose name any such property is listed, giving the amount of such valuation as increased. . . . In all cases where notice by mail is required under this section, the same shall describe the property with sufficient accuracy so as to notify the taxpayer as to the property included, together with the assessed value of the property.
(Emphasis added).
¶ 4 Section 2460 further provides that the taxpayer shall have twenty days from the date of mailing of such notice in which to file a written complaint, specifying his grievances regarding the increase in valuation. Clearly, 68 O.S. 2460 requires that the taxpayer be given notice of any increase in valuation of his or her property. However, where the county assessor is not increasing the valuation of property above that returned by the taxpayer, we find no requirement that the county assessor give notice of the amount of assessment of the taxpayer's personal property.
¶ 5 It should be noted, however, that 68 O.S. 2437 (1981) provides that if any personal property is not listed with the county assessor on or before March 15 of any year, the county assessor shall proceed, as soon as the omission is discovered, to ascertain and estimate from the best information obtainable, the amount and value of such property. 68 O.S. 2437 continues, at subparagraph (c):
 No assessment of personal property not listed with County Assessor shall become final until ten days after the County Assessor has mailed to the last known address of the person, firm, association, corporation or company he believes to be the owner, or to the person in charge of such property, a copy of the assessment sheet upon which such property is listed, and which assessment sheet shall show a reasonable itemization and description for the property assessed and the value thereof, and shall show that the list and assessment was made by the County Assessor.
(Emphasis added).
¶ 6 As in the case where the county assessor increases the valuation of personal property above that returned by the taxpayer, 68 O.S. 2460 provides that: "complaint in like manner may be filed by any taxpayer where, pursuant to the authority contained in 68 O.S. 2437 of this Code, the county assessor has added property not listed by the taxpayer."
¶ 7 Clearly, then, the county assessor may not assess personal property without notification to the taxpayer, unless the county assessor has accepted as correct the list of personal property provided by the taxpayer to the assessor and its valuation.
 II.
¶ 8 In your second question you ask whether a county assessor may apply a penalty to an assessment without notifying the taxpayer. Although you do not reference any particular penalty provision within the statutes, we note the penalties provided, for instance, at 68 O.S. 2431, supra, and 68 O.S. 2434.
Pursuant to these statutes, as well as any others which may be applicable, the resolution of the method by which a county assessor may apply a penalty to an assessment is dependent not only upon the language of the particular statute involved, but upon factual considerations relating to the general duty to provide taxpayers due process under the Oklahoma and United States Constitutions.
¶ 9 With respect to 68 O.S. 2434, that statute specifically provides that where the county assessor or the county board of equalization requests a taxpayer to furnish additional information which may be reasonably necessary to enable the county officials to assess the taxpayer's property, a ten percent penalty must be applied to the value of the property. The statute requires, however, that the penalty may not be applied until the taxpayer has received ten days' notice of the intention to apply it, and has had an opportunity to be heard. Where such notice has not been given, it has been held that the county assessor is without authority to impose the penalty in the first instance, or at any other time. In re Oklahoma Press Pub. Co.'s Taxes,192 P.2d 1011 (Okla. 1948).
¶ 10 However, where there is no specific statutory procedure for notifying the taxpayer of a penalty, the rule, in general, is different. Thus, pursuant to statutes such as 68 O.S. 2431,supra, wherein a penalty in the amount of a specific percentage of the assessed value of the property is provided, but no specific provision is made as to notice, we must examine the general rules governing due process in taxation. (Note, it has been held that the penalty provisions of 2431 are applicable both to 68 O.S. 2431 assessments where a taxpayer's list of personal property is delinquent, and to assessments under 68 O.S. 2437,
where the assessor seeks out and lists omitted property. Grubb,supra.)
¶ 11 The United States Supreme Court has long held that:
 [I]f the legislature of the state, instead of fixing the tax itself, commits to the subordinate body the duty of determining whether, and in what amount, and upon whom, the tax shall be levied, due process of law requires that at some stage of the proceedings, before the tax becomes irrevocably fixed, the taxpayer must have the opportunity to be heard, of which he must have notice[.]
Turner v. Wade, 254 U.S. 64, 67, 41 S.Ct. 27, 65 L.Ed. 134, 137
(1920).
¶ 12 Similarly, in Security Trust and S.V. Company v.Lexington, 203 U.S. 323, 27 S.Ct. 87, 51 L.Ed. 204 (1906), the Supreme Court held that before the tax could actually be enforced or during the process of enforcement the taxpayer must have an opportunity to be heard as to its validity and extent. In that case, the Court noted that there was no statutory notice procedure, but held that the State court had afforded to the taxpayer full opportunity to be heard on the question of the validity and the amount of the tax, and, after such an opportunity, had rendered a judgment which provided for the enforcement of the tax. The Court held it was immaterial whether the opportunity to be heard which was afforded to the plaintiff was pursuant to the provisions of some statute, or by the holding of the Court that the plaintiff has such right in a trial of a suit to enjoin the collection of the tax. 51 L.Ed. at 208.
¶ 13 In Oklahoma, a similar rule has been repeatedly applied.See, Bonaparte v. American Vinegar Manufacturing Company,17 P.2d 441 (Okla. 1932), holding due process of law is shown when opportunity is conferred to invoke the equal protection of the law by judicial proceedings appropriate for the purpose and adequate to secure the end and objects sought to be obtained. Inre Thomas' Estate, 136 P.2d 929, 932 (Okla. 1943), cited with approval in Grubb, supra, held:
 In respect to taxation, the "due process" provision of the Constitution, Article II, Section 7, is satisfied, if at some stage of the proceedings, either before or after assessment of a tax, the party assessed has notice thereof and has an opportunity to be heard, either before a judicial tribunal or Board of Assessment.
See also, Rush v. Brown, 101 P.2d 262 (Okla. 1940).
¶ 14 Although the foregoing indicates that due process does not require notice and an opportunity to be heard at any particular time, or during any particular stage of the proceedings, great caution should be exercised to ensure that at some stage of the proceedings adequate notice and an opportunity to be heard is provided the taxpayer. This opinion addresses only the apparent decision of the county not to provide notice by the assessor. The decision of the county as to the particular time at which such notice and opportunity should be given, and by which county officer, is beyond the scope of this opinion.
¶ 15 It should be noted, however, that failure to provide the taxpayer proper notice could result in the loss of tax monies to the county. See, Hays v. Bonaparte, 264 P. 605 (Okla. 1928), and Chapman v. Thompson, 288 P.2d 720 (Okla. 1955), each holding that when property has been voluntarily listed for taxation by the owner, and the valuation placed thereon by him is increased by the assessor, or by the board of equalization, without timely notice to the taxpayer, and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest and to proceed in accordance with the provisions of law pertaining thereto. Such a procedure jeopardizes both the availability for use of county revenues and the right of the county to receive them at all. Additionally, county taxing authorities could be subject to liability under federal civil rights law for failure to provide notice.
¶ 16 In summary, then, there appears to be no specific duty of the county assessor to notify a taxpayer of a penalty to the assessment of the taxpayer's property, absent specific statutory provisions that the assessor do so. However, at some point in the proceedings within the county, the taxpayer must be provided notice and an opportunity to be heard regarding the penalty. The decision as to the proper point in the proceedings for such notice is a matter to be decided by the county taxing authorities, after proper consultation with their district attorney.
 III.
¶ 17 In your third question you ask whether only taxpayers who turn in accurate and timely itemizations of personal property should be assessed. Title 68 O.S. 2435 (1981) provides that the county assessor shall assess and value all property, both real and personal, which is subject to assessment by him. This statute is mandatory, and allows no exceptions. Moreover, it would seem obvious that taxpayers should not be allowed to avoid taxation by failing to turn in accurate and timely itemizations of their personal property. 68 O.S. 2437 cited above makes clear that the county assessor has the authority and the mandatory duty to list and assess personal property which has not been listed by the taxpayer. Moreover, as has been held in numerous previous Attorney General Opinions, county assessors are not required by law to use any particular information, facts, figures or methods as a basis for determining the fair cash value of property, so long as the figures resulting therefrom are not arbitrary and are representative of the property's fair cash value. A.G. Opin. No. 82-145; A.G. Opin. No. 72-153.
¶ 18 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Where a county assessor does not increase the valuation of property above that returned by the taxpayer, there is no statutory requirement that the county assessor provide notice to the taxpayer of the assessment of personal property. However, where the county assessor increases the valuation of property above that returned by the taxpayer pursuant to 68 O.S. 2460 (1987), or where the county assessor determines the value of property not listed by the taxpayer pursuant to 68 O.S. 2437 (1981), the taxpayer must be provided notice of the valuation, and an opportunity to file a complaint as to that valuation.
 2. Under both the United States and Oklahoma Constitutions, due process is satisfied only if at some stage of a tax assessment proceeding, either before or after the imposition of a tax penalty, the party assessed such a penalty has notice thereof and an opportunity to be heard. Okl. Const. Article II, Section 7; U.S. Const. Amend. XIV. However, where there is no specific statute requiring notice of a penalty, such notice need not necessarily be provided by the county assessor when he or she initially applies a penalty to an assessment.
 3. All taxpayers must be assessed ad valorem for personal property, regardless of whether the taxpayer has turned in an accurate and timely itemization of his or her personal property. 68 O.S. 2435 (1981).
 ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
 SUSAN BRIMER LOVING FIRST ASSISTANT ATTORNEY GENERAL